Case 3:03-cv-01700-R   Document 8   Filed 04/04/05   Page 1 of 6   PageID 26

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR - 4 2005

CLERK, U.S. DISTRICT COURT
By _____
           Deputy

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CARL MACK MATTHEWS, 627524, ) | |
|     Petitioner, ) | |
| ) | No. 3:03-CV-1700-R |
| v. ) | |
| ) | |
| DOUGLAS DRETKE, Director, TDCJ-CID, ) | |
|     Respondent. ) | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

### FINDINGS AND CONCLUSIONS

**I.    NATURE OF THE CASE**

Petitioner filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**II.    PARTIES**

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"). Respondent Douglas Dretke is Director of the TDCJ-CID.

**III.    PROCEDURAL BACKGROUND**

On June 19, 1992, Petitioner pled guilty to unlawful possession of heroin and was sentenced to fifteen years imprisonment. *State of Texas v. Matthews*, No. F-9263688-IP (203rd

Dist. Ct., Dallas County, Tex., June 19, 1992). On November 19, 1993, Petitioner was released on parole. On April 1, 2002, Petitioner's parole was revoked.

On April 3, 2003, Petitioner filed a state petition for habeas relief arguing that he was denied credit for the time he was on parole. On July 16, 2003, the Texas Court of Criminal Appeals denied his petition.

On July 24, 2003, Petitioner filed this petition. He argues the Board of Pardons and Paroles has unlawfully denied him credit for the time he spent on parole ("street time"). The Court finds the petition should be denied.

## IV.  DISCUSSION

### 1. Standard of review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d)  An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 2**

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United states Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

This amendment applies to all federal habeas corpus petitions which are adjudicated on the merits in state court after April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 336, 117 S.Ct. 2049 (1997). The petition in this case is subject to review under the AEDPA.

Additionally, under 28 U.S.C. § 2254(d), a presumption of correctness must be accorded findings of fact made by a state habeas court if supported by the record. *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994) (citation omitted).

**2.    Discussion**

Prior to September 2001, Texas law allowed the Board of Pardons and Paroles to disregard the street time a prisoner accumulated while on release. Tex. Gov't Code Ann. § 508.283 (Vernon 1998). Prisoners had no liberty interest in retention of street time upon revocation of their parole. *See Thompson v. Cockrell*, 263 F.3d 423, 426 (5th Cir. 2001). In 2001, however, the Texas Legislature amended § 508.283 of the Government Code. Subsection (c) of § 508.283 was amended to allow for credit of a portion of the time served by an inmate while on parole is some circumstances. The Fifth Circuit has held that this amendment may have

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 3**

created a protected liberty interest in retention of street time by some prisoners whose release was revoked after September 1, 2001. *See Whitley v. Dretke*, No. 04-20392, WL 1895117 (5th Cir. Aug. 25, 2004).

In this case, however, the amendment to § 508.283(c) does not apply to Petitioner. That amendment states:

> (c) If the parole, mandatory supervision, or conditional pardon of a person other than a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. For a person who on the date of issuance of a warrant or summons initiating the revocation process is subject to a sentence the remaining portion of which is greater than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for the time from the date of the person's release to the date of revocation. For a person who on the date of issuance of the warrant or summons is subject to a sentence the remaining portion of which is less than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for an amount of time equal to the remaining portion of the sentence on the date of issuance of the warrant or citation.

Tex. Gov't Code. Ann. § 508.283(c) (West 2005). Petitioner was released on parole on November 19, 1993. At that time, the remaining portion of his fifteen year sentence was thirteen years, six months and one day. (Resp. Ex. A, B). On April 23, 2002, he was returned to TDCJ. (*Id.*). The amount of street time Petitioner accrued was eight years, five months and four days.[1] Petitioner had more than thirteen years remaining on his sentence when he was released on parole. He was on parole for less than nine years. Therefore, his remaining sentence is longer than the time spent on parole and he does not qualify for relief under § 508.283(c).

---

[1]Respondent argues the amount of street time accrued was six years, ten months and twelve days. The Court's calculation from November 19, 1993, to April 23, 2002, is eight years, five months and four days.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 4**

3.  **Conclusion**

The state court's decision to deny relief appears consistent with clearly established federal law of the United States Supreme Court. The state court's decision also appears to be based on a reasonable determination of the facts. The petition should therefore be denied.

**RECOMMENDATION**

For the foregoing reasons, the petition should be denied with prejudice for failure to make a substantial showing of the denial of a federal right.

Signed this ____ day of _____, 2005.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 5**

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 6**